IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLEOTHER TIDWELL,**

**Petitioner,**

**v.**

**MENARD CORRECTIONAL CENTER,**

**Respondent.**                                         Case No. 14-MC-00092-DRH

### ORDER

**HERNDON, District Judge:**

    This matter is before the Court on petitioner Cleother Tidwell's motion to perpetuate testimony pursuant to Fed. R. Civ. P 27 (Doc. 1). Upon receipt of petitioner's motion, the Court made attempts to recruit counsel through the volunteer panel of pro bono attorneys in the Southern District of Illinois. An email was sent to panel members laying out a brief description of Mr. Tidwell's case, while requesting a volunteer to marshal the service of process under Rule 27, move for a hearing under 42 U.S.C. § 1983 and if the Court grants relief, explore if the inmate has means to pay for the desired deposition. If the pro bono attorney found that Mr. Tidwell lacked sufficient means to pay for the deposition, the Court also requested that the attorney front the cost and submit that expense to the Court for reimbursement, while simultaneously moving to have the tape described in Mr. Tidwell's motion produced.

After two failed attempts to recruit counsel for Mr. Tidwell through the volunteer pro bono panel, the court remains unable to do so. At this time, the Court advises Mr. Tidwell that it is incumbent upon him to serve the respondent and proceed with his action to preserve evidence.

The Court's role is one of a neutral arbiter of disputes between parties, not as an advocate on petitioner's behalf. Because the court is an independent arbiter rather than an advocate for the parties, it is unreasonable to expect the court to serve on Mr. Tidwell's behalf in an adversarial capacity. Therefore, if petitioner does not serve the respondent by May 22, 2015, the Court will dismiss this case without prejudice for failure to prosecute. If petitioner is unable to serve respondent by the specified date, he may request an extension of time from the Court, including an explanation as to why he needs additional time to complete service.

Accordingly, Mr. Tidwell must serve respondent **no later than May 22, 2015**, or face dismissal without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 12th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.12 13:29:06 -05'00'

**United States District Judge**